WIRTH, Plaintiff in error, v. STATE, Defendant in error.

*No. State 12. Argued May 1, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 731.)

For the plaintiff in error there was a brief by *Campbell, Brennan, Steil & Ryan, S. C.*, and *James E. Welker*, all of Janesville, and oral argument by *Mr. Welker*.

For the defendant in error the cause was argued by *Michael R. Klos*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

BEILFUSS, J.  The defendant contends it was error to allow a pharmacist-witness to testify as to the contents of a container from the label upon the ground that it

was hearsay and that without this evidence there was insufficient proof as to the purchase of a narcotic.

The statutes we are primarily concerned with are as follows:

"161.02 **Acts prohibited; evidence; penalties; commitment of addicts.** (1) It is unlawful for any person to manufacture, possess, have control of, buy, sell, give away, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this chapter. Any person violating this subsection shall be punished as provided in s. 161.28 (1)."

"161.08 **Preparations exempted.** . . .
"(2) The exemption authorized by this section shall be subject to the following conditions: . . .
"(f) That no person shall purchase more than 4 ounces of such preparation within a 48-hour period without the authorization of a physician, dentist or veterinarian nor may more than 4 ounces be in the possession of any person other than a physician, dentist, veterinarian or pharmacist, at any time without the authorization of a physician, dentist or veterinarian."

"161.10 **Labels.** (1) Whenever a manufacturer sells or dispenses a narcotic drug, and whenever a wholesaler sells or dispenses a narcotic drug in a package prepared by him, he shall securely affix to each package in which that drug is contained a label showing in legible English the name and address of the vendor and the quantity, kind and form of narcotic drug contained therein. No person, except an apothecary for the purpose of filling a prescription under this chapter shall alter, deface or remove any label so affixed."

On March 21, 1970, the defendant, a resident of Madison, purchased a four-ounce bottle of a liquid medication, a codeine-type cough syrup, with the brand and label name "Cosanyl," from a pharmacist at Reliable Drugs in Janesville, Wisconsin. On the same day, March 21, 1970, the defendant purchased a second four-ounce bottle of Cosanyl at another drugstore—Hall Pharmacy in Janesville. In both stores she signed the narcotics register in the presence of the pharmacists as required

by law. The defendant did not have a prescription from a physician or dentist so as to exempt her from the statutes quoted above.

A Mr. John Hall, the owner of Hall's Pharmacy, and a registered pharmacist of several years standing, testified that he personally made the sale of Cosanyl to the defendant; that Cosanyl was kept in the prescription room where all exempt narcotics are kept; that it was sold to her in an original four-ounce sealed bottle which was prepackaged and sealed by a pharmaceutical manufacturer, Parke-Davis, and that Cosanyl contained codeine which is a narcotic derivative of opium. He further testified the seal on the bottle had not been broken when he sold it to the defendant and that he had not analyzed the contents. He stated that he obtained Cosanyl by registered stock and lot number from Parke-Davis; that he relied upon the manufacturer's label on the bottle. The defendant's counsel objected to Hall's testimony as to the label and the contents of the bottle upon the ground that it was hearsay.

The label is hearsay inasmuch as it is a statement or declaration of the contents and composition of the material in the container by a person or persons whose assertions have not been tested by cross-examination.[2]

There are instances where the offered hearsay evidence is supported by sufficient surrounding circumstances to satisfy the probability of trustworthiness and, as such, is admissible evidence. Professor Wigmore puts it this way:

". . . We see that under certain circumstances the probability of accuracy and trustworthiness of statement is practically sufficient, if not quite equivalent to that of statements tested in the conventional manner. . . . It is merely that common sense and experience have from time to time pointed them out as practically

[2] 5 Wigmore, *Evidence* (3d ed.), p. 3, sec. 1362.

adequate substitutes for the ordinary test, at least, in view of the necessity of the situation." [3]

In this instance we find these circumstances assure the probability of trustworthiness of the Cosanyl label and the fact Cosanyl contained a narcotic drug, codeine. It was kept in a nonaccessible area reserved for narcotics; it was prepackaged and sealed with an unbroken seal; it was dispensed by a registered pharmacist who believed it contained a codeine; the label identified the contents as containing a narcotic, codeine; it was labeled and sealed by the manufacturer in response to both federal and state laws regulating manufacturing, packaging and selling or dispensing the narcotics; the defendant in making the purchases signed the narcotics register as required by law. We believe that all but the most skeptical persons, by virtue of their daily experience, would think that Cosanyl cough syrup purchased under these circumstances contained codeine.

We also believe these circumstances were an adequate substitute for cross-examination and assured the probable trustworthiness of the accuracy of the label, and that the state did produce sufficient evidence to constitute a prima facie case. In absence of evidence compelling a different conclusion this proof was sufficient to support a finding that the defendant had violated the statute with which she had been charged. [4]

*By the Court.*—Judgment affimed.

---

[3] 5 Wigmore, *Evidence* (3d ed.), p. 204, sec. 1422.

[4] *Holland v. State* (1954), 48 Del. 559, 107 Atl. 2d 920; *State v. Feldman* (1964), 2 Conn. Cir. 476, 202 Atl. 2d 259.