MITCHELL, Plaintiff in error, v. STATE, Defendant in error.

*No. 76-203-CR. Argued April 5, 1978.—Decided June 30, 1978.*
(Also reported in 267 N.W.2d 349.)

For the plaintiff in error the cause was argued by *Ruth S. Downs,* deputy state public defender, with whom

on the briefs was *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

Brief amicus curiae of the District Attorney for Milwaukee County was filed by *E. Michael McCann,* district attorney for Milwaukee county, and *Lee Edward Wells,* deputy district attorney, and oral argument by *Mr. Wells.*

CALLOW, J. The defendant, Lugene Mitchell, was arrested on October 18, 1974, while driving a white, 1973 Mercury Cougar, which he did not own. He was charged with driving a motor vehicle without the owner's consent, contrary to sec. 943.23, Stats. His defense was that he had been given permission to drive the car by a friend who claimed to be the owner. The arresting officers observed at that time that the ignition switch had been tampered with so that any key, including the General Motors key by defendant, could be used to start the vehicle. The defendant was tried, found guilty, and sentenced to an indeterminate term of imprisonment of up to five years. On review he contends that the State's proof of the true ownership of the car and the owner's lack of consent were insufficient both at the preliminary examination and at trial.

### Errors in the Peliminary Examination

The preliminary examination was waived by the defendant's first counsel but was rescheduled at the request of the defendant's subsequent attorney. The owner of the car was Steven Hurst of Minneapolis, Minnesota. While Hurst had been subpoenaed for the first preliminary examination, he was not subpoenaed for the second and did not testify prior to trial. The only

direct evidence adduced at the preliminary examination of Hurst's ownership interest and nonconsent to the defendant's use of the car was the testimony of the arresting officer concerning the recovery of the car and his phone conversation with Hurst in Minnesota thereafter. In addition, the judge presiding at the preliminary examination, the Hon. Urban Zievers, admitted into evidence two reports prepared by the arresting officer: (1) a long-distance telephone report, describing the conversation with Hurst; and (2) a Milwaukee police offense report of the theft of Hurst's car. The defendant claims that these two reports contained inadmissible hearsay.

The rules of evidence apply to preliminary examinations. Sec. 911.01(2), Stats.; *See also: Caccitolo v. State,* 69 Wis.2d 102, 230 N.W.2d 139 (1975). In admitting these reports into evidence at the preliminary examination, the court relied on sec. 908.03(6), Stats., the so-called business records exception. This exception allows the introduction of documents made in the course of a regularly conducted activity, which includes police reports. When the report contains out-of-court assertions by others, an additional level of hearsay is contained in the report and an exception for that hearsay must also be found. Sec. 908.05, Stats. That is, the reports cannot establish more than their maker could if he was testifying in court on their subject matter. Thus, defendant's hearsay objection is not to the details of which the officer had personal knowledge but to the repetition of declarations made by Hurst to the officer over the phone. The business records exception does not allow admission of this second level of hearsay.

The state concedes that these statements attributed to Hurst in the reports are not admissible as a record of a

regularly conducted activity. Instead, the state argues that the contents of the reports are admissible under sec. 908.03 (24), Stats., the residual exception for hearsay testimony not included among the enumerated exceptions to the hearsay rule but having comparable circumstantial guarantees of trustworthiness. The residual exception to the hearsay rule in sec. 908.03 (24) is designed to allow for the growth of the evidence code to provide for "unanticipated situations which demonstrate a trustworthiness within the spirit of the specifically stated exceptions." Federal Advisory Committee's Note, 59 Wis.2d at R302. The defendant points out that the police reports admitted here were of the type covered by the business records exception but do not fit under that exception, and argues that to admit these reports under the residual exception is to circumvent the requirements of the business records exception.

However, the drafters' note to sec. 908.03 (24), Stats., clearly indicates that the drafters did not intend to restrict the use of the residual exception to situations which are completely different from those covered by the specifically enumerated hearsay exceptions. 59 Wis.2d at R301. As illustrations of the hearsay exceptions which can be fashioned under the residual exception, the drafters cite *Wirth v. State,* 55 Wis.2d 11, 197 N.W.2d 731 (1972), in which we held that the label on a prepacked, sealed bottle of codeine-type cough syrup, although hearsay, was supported by sufficient surrounding circumstances to be admissible in evidence to establish the contents; and *Bertrang v. State,* 50 Wis.2d 702, 184 N.W.2d 867 (1971), in which we held that a mother's testimony concerning statements made to her by a young child victim of a sexual assault or traumatic experience is an exception to the hearsay rule.

Both of these situations—a label attached as part of a
regularly conducted activity in *Wirth* and a spontaneous
utterance in *Bertrang*—were of a type normally covered
by a specific exception, but the facts presented did not
satisfy the requirements of the specific exception. Suf-
ficient trustworthiness was found, however, to allow
their admission as evidence. Therefore we cannot accept
the defendant's argument that evidence which is similar
to an enumerated hearsay exception cannot be a residual
exception under sec. 908.03(24), Stats. On the contrary,
since the enumerated hearsay exceptions represent types
of evidence traditionally considered to have strong cir-
cumstantial guarantees of trustworthiness, hearsay ad-
mitted under the residual exception is more likely than
not to have close affinities to the exceptions specifically
enumerated by the rules. In *State v. Nowakowski,* 67
Wis.2d 545, 227 N.W.2d 697 (1975), we held it proper
to admit as a residual exception a document indicating
the time of the formation of a campaign committee be-
cause the document "was a public document, filed under
oath, was actually notarized by the defendant, and is one
having 'circumstantial guarantees of trustworthiness.' "
*Id.* at 561–62. Thus we fashioned a hearsay exception
similar to the public records exception in sec. 908.03(8),
Stats.

To be admitted as a residual exception, the statements
contained in the police reports must have circumstantial
guarantees of trustworthiness comparable to the other
exceptions enumerated in sec. 908.03, Stats. However,
such indicia of trustworthiness are not present. Here
these reports were drafted an hour after the conversation
with Hurst. The only circumstantial guarantee of trust-
worthiness brought to our attention by the State is that
the statements made by Hurst to the police are against

his interest, in the sense that Hurst could be charged with obstructing a police officer, contrary to sec. 946.41, Stats., if his statements were false. However, declarations that tend to subject the declarant to criminal prosecution are admissible hearsay only upon proof that the declarant is unavailable. Sec. 908.045(4), Stats. Hurst was not subpoenaed by the State merely because the district attorney assigned to the case erroneously believed that a stipulation as to Hurst's ownership and nonconsent had been obtained when the first preliminary was waived.

The State suggests that Hurst's declarations to the police should be considered a residual hearsay exception under sec. 908.03(24), Stats., only for the purpose of a preliminary hearing and a finding of probable cause. However, this residual exception, by its form, applies to statements determined to have guarantees of trustworthiness comparable to the enumerated hearsay exceptions. The residual exception thus focuses, as do all of the enumerated hearsay exceptions, on the character of the statements and the circumstances under which they are made, not upon the type of judicial forum at which the statement is offered. We do not believe that restricting the forum at which such statements can be used provides the guarantees of trustworthiness contemplated by this rule. Statements made to the police over the telephone by the victim concerning the theft of an automobile have some guarantees of trustworthiness, but they do not have sufficient guarantees of trustworthiness to be admissible under the residual hearsay exception in sec. 908.03(24). We hold that, since the statements did not fall within any of the enumerated exceptions to the rule in sec. 908.03, Stats., their admission was error.

The Milwaukee District Attorney has filed an amicus brief in which he asks that we adopt a rule permitting

the admission of hearsay evidence at preliminary examinations in prosecutions for violations of certain property crimes (burglary, sec. 943.10, Stats.; theft, sec. 943.20, Stats.; operating a vehicle without consent, sec. 943.23, Stats.; forgery, sec. 943.38, Stats.; fraudulent use of a credit card, sec. 943.41, Stats.; and receiving stolen property, sec. 943.34, Stats.) to prove (1) ownership or possession of the property, (2) lack of consent to the entry or the taking, (3) identification of the recovered property by the victim to the police, and (4) replacement cost of the stolen property. We recognize that the State must rely on citizen witnesses to meet the proof necessary to show probable cause and that to bring witnesses great distances or to subpoena them for multiple appearances during the course of criminal proceedings is a substantial imposition upon those witnesses, particularly in cases where their testimony is not in dispute. However, the court has recently adopted new rules of evidence, and we deem it inappropriate to fashion an additional rule in this opinion. Though this court has inherent rule-making power, it has refused to modify rules of practice or procedure on an appeal. *Rupp v. Travelers Indemnity Co.,* 17 Wis.2d 16, 23, 115 N.W.2d 612 (1962); *Ozaukee Finance Co. v. Cedarburg Line Co.,* 268 Wis. 20, 66 N.W.2d 686 (1954). We conclude that a change in the application of the hearsay rules to preliminary examinations of the magnitude urged by the Milwaukee County District Attorney should be considered only through the rule-making procedures set forth in sec. 251.18, Stats., and not through the court's inherent rule-making power on review of a particular conviction.

The admission of the police reports containing the declarations of Mr. Hurst was thus a violation of the hearsay rules. However, we do not consider this error grounds for reversal because the record contains ample evidence to justify a finding of probable cause. One of

the arresting officers testified that on October 18, 1974, he observed the defendant, Lugene Mitchell, operating a 1973 Mercury Cougar and that he recognized the defendant from earlier car theft investigations. He and his partner checked the license plates on the defendant's car and found them to be issued to a different model car. They stopped the vehicle, asked Mitchell to exit, checked the identification number, and established by radio contact with the Detective Clerical Bureau that this number matched that of a vehicle reported stolen on September 9, 1974, in Wauwatosa, Wisconsin. Lugene Mitchell was then placed under arrest, taken to the Detective Bureau, and was interrogated. The police officer testified that Mitchell told him that he received the car approximately one month ago, that the plates on the vehicle belonged to a woman named Mozel White who lived with his mother, that the plates were issued to a 1965 Chevrolet, that he did not know the person from whom he got the car, and did not even know if the person was black or white because at the time he got the car he believed that he, Mitchell, was smoking marijuana. The defendant was unable to give any other information concerning how he received possession of the car. The officer further testified that the ignition of the car Mitchell was driving was altered. The ignition had been pulled from the column, the interior tumblers had been removed, and the car could be started without a key. When Mitchell was arrested, the key in the ignition was a General Motors key, though the Mercury Cougar model is manufactured by Ford.

We find that this evidence, that the defendant was driving a car with an identification number identical to that of a car reported to be stolen, that the ignition was so altered it could be started without a key, that the defendant was driving a Ford product with a General Motors key, that the defendant knew the plates on the

car belonged to someone else and were issued for a different vehicle, is more than sufficient to support a finding of probable cause to believe that the defendant was operating the vehicle without the owner's consent and thereby violated sec. 943.23, Stats. Thus the testimony contained in the telephone reports, that Hurst owned the car and did not give Mitchell consent, is superfluous, and we conclude the erroneous admission of the hearsay declarations of Hurst was harmless.

The defendant next argues that the erroneous admission of the hearsay declarations of Hurst at the preliminary examination violated his right to confront the witnesses against him. As the state points out, there is no constitutional right to confront adverse witnesses at a preliminary examination. *Gerstein v. Pugh,* 420 U.S. 103, 119, 120 (1975) ; *See also: Barber v. Page,* 390 U.S. 719, 725 (1968). However, in Wisconsin an accused is by statute given the right to confront witnesses at this stage. He is entitled to be present at the hearing, sec. 971.04(1)(d), Stats., and he "may cross-examine witnesses against him, and may call witnesses in his own behalf who then are subject to cross-examination." Sec. 970.03(5), Stats.

At the preliminary examination the defendant personally confronted and cross-examined the witnesses presented by the state; he was entitled to subpoena adverse witnesses, including the victim Hurst, if he so chose. There was sufficient evidence provided by the personal observation testimony of the arresting officer to support a finding of probable cause without reliance on any of the inadmissible hearsay declarations of Hurst. Therefore, the determination of probable cause was not based on the testimony of a witness whom the defendant could not cross-examine. Under these circumstances the defendant's right of confrontation was not infringed.

The defendant makes a further challenge to the admission of the police reports. He argues that the manner in which the judge at the preliminary examination admitted these reports into evidence constituted a refusal to exercise discretion which denied him the reasoned determination of probable cause guaranteed him by sec. 970.03, Stats. After defense counsel objected to admission of the telephone reports as hearsay, the court decided to "accept the objection of [defense] counsel and also the statement of the District Attorney and let the trial court rule upon admissibility." The court ruled that, subject to defense counsel's objection, the state could go ahead with its proof. The court acknowledged that it "may be making new law here too because I can see the reason for it. If the car is stolen in Minnesota or California and it turns up here in Milwaukee, . . . some method must be [used] to show the identity rather than wait for a deposition under your present rules where you have to have a timely hearing within quick time." Once all of the oral testimony was adduced, the court decided to cut the hearing short because it believed that there was sufficient evidence that a crime had been committed. This finding was made prior to the actual admission of the police reports into evidence. When the district attorney asked the court to read the reports for evidence of lack of consent, the court said, "I assume that is properly in there." At the very end of the hearing, the state asked the court whether it was finding probable cause of nonconsent. The court responded: "You just magnified it by reason of your communique here [i.e., the long distance telephone report]. There is probable cause to believe that he didn't have consent. He's here with a car that belongs somewhere up in Minnesota that was found somewhere on the streets of Milwaukee."

The defendant contends that, in deferring the question of the admissibility of these reports for the trial court's

338

determination, the court admitted the reports without actually exercising its discretion as to their admissibility. Further, the defendant contends that, in finding probable cause without examining the declarations in the report, the judge failed to fulfill his duty to make an independent determination of probable cause. A failure to exercise discretion is an abuse of discretion. *McCleary v. State,* 49 Wis.2d 263, 182 N.W.2d 512 (1971). However, the record before it does not support the defendant's claim that Judge Zievers failed to rule upon the evidence and make an independent determination of probable cause. The record shows that Judge Zievers decided to admit the hearsay as proper evidence at the preliminary examination, but ruled at the same time that this evidence only "magnified" a finding of probable cause which he had already found on the basis of the oral testimony. We do not believe that the court's finding of probable cause constitutes an unreasonable exercise of discretion which denied the defendant a neutral finding of probable cause.

### Errors in the Trial

At the trial Hurst testified in person that he was the owner of the car being driven by the defendant at the time of his arrest by virtue of a lease with an option to purchase entered into with Rush Motors, Inc., Columbus, Ohio. Mr. Hurst stated that he did not have title to the car but that under the lease agreement he had exclusive possession and control of the car. The defense argues that this evidence is insufficient to establish the ownership element of the crime. Courts have not required proof that the victim had legal title to the car to support a conviction for the crime of operating a vehicle without the owner's consent. *State v. Bruley,* 274 A.2d 467, 468 (Vt. 1970); *Allen v. State,* 252 S.W. 505 (Tex. 1923); *King v. State,* App. 292 N.E.2d 843, 845 (Ind. App. 1973).

The offenses involving personal property contained in Chapter 943, Stats., "Crimes Against Property," consistently make possession of the property the key to ownership as an element of the crime. *See:* Robbery, sec. 943.32(3), Stats., which provides that "owner" within that section means "a person in possession of property whether his possession is lawful or unlawful"; sec. 971.33, Stats., stating that "In the prosecution of . . . any crime committed by stealing, damaging or fraudulently receiving or concealing personal property, it is sufficient if it is proved that at the time the crime was committed either the actual or constructive possession . . . was in the person alleged to be the owner thereof." "Owner" as it is used in sec. 943.23, Stats., should be construed consistent with its accepted meaning in the criminal law and in the other Wisconsin statutes on the same subject matter. We hold that evidence of possession or control over the use of the car, as presented in this case, is sufficient to establish the ownership element of this crime.

However, the defendant argues that under the best evidence rule ownership must be established by the actual documents evidencing the ownership and that the personal testimony of Hurst that he was the owner of the car alone was insufficient to satisfy the rule. The defendant first objected to the testimony of Hurst for failure to comply with the best evidence rule at the close of the state's case. When defense counsel cross-examined Hurst, Hurst testified that he did not bring these documents with him. The defendant's counsel could have moved to strike Hurst's testimony based on the best evidence rule at this time. Since the defendant did not move to strike the evidence as soon as he became aware of its objectionable nature, we are entitled to avoid reaching the merits of the best evidence rule issue because it was not properly

preserved at trial. *State v. McClanahan,* 54 Wis.2d 751, 196 N.W.2d 700 (1972) ; *Bennett v. State,* 54 Wis.2d 727, 735, 196 N.W.2d 704 (1972). However, the defendant did object prior to the end of the trial. Since the defendant raised an objection based on the best evidence rule during the trial, though belatedly at the close of the state's case, we will consider the merits of the issue.

The best evidence rule, now codified in sec. 910.02, Stats., states that "To prove the content of a writing, recording or photograph, the original writing, recording or photograph is required, except as otherwise provided in chs. 901 through 911 or by statute." The best evidence rule only applies where evidence other than the writing itself is offered for the purpose of proving its terms. *Anderson v. State,* 66 Wis.2d 233, 246, 223 N.W.2d 879 (1974) ; *York v. State,* 45 Wis.2d 550, 173 N.W.2d 693 (1970) ; *Goetsch v. State,* 45 Wis.2d 285, 172 N.W.2d 688 (1969) ; *McCormick on Evidence,* sec. 233 (1972). Hurst's testimony concerning the lease was not admitted to prove the terms of that contract but to prove the fact of its existence as evidence of ownership. The fact of ownership could be proved not just by documentary evidence of the title but by certificate of state vehicle registration, insurance receipts, tax receipts, etc., or by Hurst's personal testimony that he owned a particular car. As pointed out in *York v. State, supra* at 557–8, documentary evidence of ownership may carry more weight than Hurst's uncorroborated testimony that he owned the car, but it does not raise a question of admissibility under the best evidence rule. We hold that at both the preliminary examination and at the trial there was sufficient evidence presented on all of the elements of the crime, and we affirm the judgment of conviction.

*By the Court.*—Judgment and orders affirmed.