STATE of Wisconsin, Plaintiff-Respondent,

v.

John L. GOLLON, Defendant-Appellant.

Court of Appeals

No. 82–2329–CR. *Submitted on briefs July 22, 1983.—Decided October 20, 1983.*
(Also reported in 340 N.W.2d 912.)

594

For the defendant-appellant the cause was submitted on the briefs of *James M. Bablitch* of Stevens Point.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. Defendant John Gollon was convicted on two charges of first-degree sexual assault, contrary to sec. 940.225 (1) (d), Stats. He appeals from an order denying his motion for a new trial. We affirm the order denying a new trial as to one conviction and reverse and remand for a new trial as to the other.

The primary issue is whether defendant was denied his constitutional right of confrontation when the trial court allowed witnesses to state what the child victim told them about the incident. Defendant also contends that the trial court erred by refusing to sever the charges for trial, admitting evidence as exceptions to the hearsay rule, admitting other crimes evidence, and allowing the jury to inspect certain evidence. He requests a new trial in the interest of justice. We conclude that defendant's right to confrontation was denied as to one charge but that his other contentions lack merit.

The alleged assaults involved two incidents, each with a six-year-old girl. The J.L. incident occurred June 11, 1981, and the T.H. incident the next day. Each child and her mother testified at the July 9, 1981 preliminary hearing. T.H. and her mother testified at the February 1982 trial. J.L.'s mother and a neighbor testified at the trial, but J.L. did not because, according to her mother, she was too afraid.

T.H. testified at the trial that defendant had put his finger in her vagina. She circled where defendant had touched her on the sketch of a girl. T.H.'s mother testified that when she awakened T.H. the evening of the day of the alleged assault and asked her about the incident, T.H. said defendant had put his finger in her vagina.

J.L.'s mother testified that June 13, 1981 J.L. told her that the defendant had touched her vaginal area, put his finger in her vagina, and taken out his penis. A neighbor testified that June 12th J.L. said the defendant was "digging in her pants" and had shown his penis to her and her friends.

The first issue is whether the mothers' and neighbor's testimony regarding the out-of-court statements by the girls was admissible. It is undisputed that the testimony constituted hearsay under sec. 908.01(3), Stats., and was properly objected to. The question is whether the girls' out-of-court statements come within a hearsay exception. If the statements are within a hearsay exception, we must consider whether defendant's constitutional right to confront J.L. was violated. *State v. Bauer,* 109 Wis. 2d 204, 210, 325 N.W.2d 857, 860 (1982).

1. *Excited Utterance Hearsay Exception*

The trial court ruled that the girls' statements are within the excited utterance hearsay exception, sec. 908.03(2), Stats.[1] It reached that conclusion after con-

---

[1] Sec. 908.03, Stats., provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . .

(2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

sidering the girls' ages, their lack of understanding of defendant's actions, testimony that defendant told them not to tell about the incidents, the likelihood that T.H. would not make up a story soon after being awakened late at night, and the likelihood that J.L. did not tell about the incident sooner due to fear and anxiety.

■

The excited utterance exception is based on spontaneity and stress which give a hearsay statement a high degree of trustworthiness. *State v. Padilla,* 110 Wis. 2d 414, 418, 329 N.W.2d 263, 266 (Ct. App. 1982). The exception is liberally applied to statements by a young child involved in a claimed sexual assault. *Bertrang v. State,* 50 Wis. 2d 702, 706–07, 184 N.W.2d 867, 869 (1971). A young child may be unwilling or unable to remember the details by the time a case is brought to trial, or may be inhibited by fear or shame. *Id.* at 707–08, 184 N.W.2d at 870. It is thought, however, that "the characteristics of young children work to produce declarations 'free of conscious fabrication' for a longer period after the incident than with adults." *Padilla,* 110 Wis. 2d at 419, 329 N.W.2d at 266.

■

We must affirm the trial court's ruling on a claimed excited utterance unless the court abused its discretion. *Cossette v. Lepp,* 38 Wis. 2d 392, 398, 157 N.W.2d 629, 632 (1968). Discretion is properly exercised if it proceeds from facts of record to a conclusion, employing logical rationale without reliance on an erroneous theory of law. *McCleary v. State,* 49 Wis. 2d 263, 277, 182 N.W.2d 512, 519 (1971).

When admitting the girls' statements as excited utterances, the trial court exercised its discretion. T.H.'s statements were made the evening of the day of the incident, and J.L.'s were made within one and two days of the incident. These times are well within the period

that a young child's statements can be spontaneous. The *Padilla* court held that statements by a ten-year-old made three days after the alleged sexual assault were spontaneous and based on stress. *Id.* at 421, 329 N.W.2d at 267. The court's findings that the defendant told the girls not to tell what had occurred, that T.H.'s statements were made upon her being awakened, and that J.L.'s statements were products of fear and anxiety support its conclusion that the statements were excited utterances.

Defendant asserts T.H. did not appear emotionally upset by the alleged assault, her statements were replies to questions rather than volunteered and some of her statements were made after she spoke to police. Even if these considerations weigh against admitting the statements,[2] when reviewing a trial court's discretionary decision, we do not choose between competing facts. We determine whether the decision was "the product of a rational mental process by which the facts of record and law relied upon are stated and are considered together for the purpose of achieving a reasoned and reasonable determination." *Hartung v. Hartung*, 102 Wis.2d 58, 66, 306 N.W.2d 16, 20 (1981). Because the trial court properly exercised its discretion, its ruling that the girls' statements fall within the excited utterance exception must be sustained.

### 2. *Confrontation*
[4, 5]
The sixth amendment to the United States Constitution and art. I sec. 7 of the Wisconsin Constitution guarantee a criminal defendant the right to be confronted with the witnesses against him. The primary

---

[2] In *Bertrang*, 50 Wis.2d at 707, 184 N.W.2d at 870, the court said that the fact that statements were made in response to questions rather than volunteered was not controlling.

purpose of that right is to ensure that the trier of fact has a satisfactory basis to evaluate the truthfulness of the evidence. *Dutton v. Evans,* 400 U.S. 74, 89 (1970). Compliance with the hearsay rule does not insure compliance with the right of confrontation. *State v. Lenarchick,* 74 Wis. 2d 425, 433, 247 N.W.2d 80, 85 (1976).

To satisfy the confrontation clause, "the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant," and then show that the statement bears indicia of reliability. *Ohio v. Roberts,* 448 U.S. 56, 65–66 (1980). *See also, State v. Bauer,* 109 Wis. 2d 204, 215, 325 N.W.2d 857, 863 (1982). The prosecution must make a good faith effort to produce a witness for trial in order to support a finding of unavailability. *Barber v. Page,* 390 U.S. 719, 724–25 (1968). The record in this case provides no evidence that the prosecution made *any* effort to produce J.L. for trial.

Unavailability is a mixed question of law and fact. When mixed questions are presented, the court must determine two matters: (1) what happened; and (2) whether those facts fulfill a particular legal standard. The second is an issue of law. *Department of Revenue v. Exxon,* 90 Wis. 2d 700, 713, 281 N.W.2d 94, 101 (1979), *aff'd,* 447 U.S. 207 (1980).

The trial court made no finding whether J.L. was available.[3] In some cases where the trial court has failed

---

[3] At trial, the court said that the witness need not be shown to be unavailable. In its order denying defendant's motion for a new trial the court said that it "finds there is an argument that the six year old victim of the sexual assault was unavailable" under sec. 908.04(1)(d), Stats. This statement is the basis for the state's argument that the trial court made a finding of unavailability.

to make factual findings, the court of appeals may assume the trial court determined the issue in support of its decision. *See, Sohns v. Jensen,* 11 Wis. 2d 449, 453, 105 N.W.2d 818, 820 (1960).

Availability, for confrontation purposes, is a constitutional fact. The existence of this constitutional fact is too important to be established by inference from the trial court's action. It must be determined explicitly by the court. Testimony by a parent as to the existence of the constitutional fact of unavailability does not, ipso facto, establish the fact. J.L.'s mother's testimony that she was too afraid to testify is insufficient to satisfy the unavailability requirement. If a child is physically available, whether the child is able to testify should be judicially determined.

The state contends that unavailability need not be shown in this case. It is true that the unavailability requirement is subject to limited exceptions, *Bauer,* 109 Wis. 2d at 212, 325 N.W.2d at 861–62; *see also, Roberts,* 448 U.S. at 65 n. 7, and can be waived in special circumstances. *Bauer,* 109 Wis.2d at 213, 325 N.W.2d at 862. Otherwise, the "literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause," *California v. Green,* 399 U.S. 149, 157 (1970), would be seriously weakened. The limited exceptions apply when production of the declarant would be unduly inconvenient and of small utility to the defendant. *Hagenkord v. State,* 100 Wis. 2d 452, 473, 302 N.W.2d 421, 432 (1981). Neither justification for an exception has been shown to apply to J.L.'s testimony.

We do not imply that the trial court is powerless to protect a child-victim witness in a sexual assault case

from unduly vigorous cross-examination. "Courts have fashioned rules to protect children, scrupulously taking into consideration both the traumatic effect on the child of testifying, of facing the defendant, and of being subject to cross-examination, and the accused's constitutional right to confront witnesses." *State v. Gilbert,* 109 Wis. 2d 501, 515, 326 N.W.2d 744, 751 (1982). Courts have the "power, within constitutional limits, to alter courtroom procedures to protect the emotional well-being of the child witness." *Id.* at 517, 326 N.W.2d at 752.

The next issue is whether harmless error resulted from allowing J.L.'s mother and neighbor to relate her statements to them. Constitutional error may be harmless. *State v. Zellmer,* 100 Wis. 2d 136, 150, 301 N.W.2d 209, 216 (1981). Harmless constitutional error, under *Chapman v. California,* 386 U.S. 18, 24 (1967), *reh'g. denied,* 386 U.S. 987 (1967), requires the state to "prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Because J.L.'s statements are the only evidence of the sexual assault upon her, the error is not harmless.

The state argues that "because of her obvious immaturity and lack of memory," cross-examining J.L. would have resulted in little benefit to defendant. When denying defendant's motion for a new trial, the trial court said:

[D]efendant was not denied his constitutional right to confront his accusers because . . . as the Court finds from the record . . . the child's tender age and immaturity and consequent inability to testify in a meaningful manner, as shown in the preliminary hearing transcript would make any cross-examination of that witness of little value to the defense.

The trial judge did not conduct the preliminary hearing. We are equally able to evaluate J.L.'s testimony. We have examined the preliminary hearing transcript and are unable to reach the same conclusion as the trial court.

Accordingly, we conclude that the conviction on the charge involving J.L. must be reversed and remanded for a new trial.

### 3. *Severance*

The defendant contends that the trial court erred in denying his motion to try the two charges separately. He based his motion to sever on the "confused and inconsistent" testimony of the two girls at the preliminary hearing and argues that such testimony should be evaluated independently by the jury. He asserts he was entitled under sec. 971.12(3), Stats., to relief from prejudicial joinder and should have a new trial on the charge relating to T.H.

Charges should be tried separately if joinder is shown to cause substantial prejudice to the defendant. *State v. Hall,* 103 Wis. 2d 125, 141, 307 N.W.2d 289, 296 (1981); sec. 971.12(3), Stats. The trial court must weigh the potential prejudice against the interests of the public, and its decision will not be disturbed on appeal absent an abuse of discretion. *State v. Hoffman,* 106 Wis. 2d 185, 209, 316 N.W.2d 143, 157 (Ct. App. 1982).

The trial court found that the charges were properly joined because they were closely related in time and nature, and the policy in favor of joining related cases prevails. The incidents occurred within one day of each other, in the same place and involved similar contact with six-year-old girls.

Defendant claimed lack of intent to become sexually aroused or gratified, an element of the crime, due to

intoxication. Evidence of two similar incidents would be supportive of intent. When evidence of the count sought to be severed is admissible in a separate trial, the risk of prejudice due to joinder is generally not significant. *Hall,* 103 Wis.2d at 141, 307 N.W.2d at 296. While evidence of other crimes is not admissible to prove the propensity of the defendant to commit the crime, it is admissible to prove intent. Sec. 904.04(2), Stats. *See, Hall,* 103 Wis. 2d at 142, 307 N.W.2d at 297.

Because evidence of both incidents would have been admissible in separate trials, the trial court's refusal to sever was not an abuse of discretion.

Defendant nevertheless argues that the trial court should have severed the charges once it was apparent that J.L. would not testify. Defendant failed to renew his severance motion once he knew that J.L. would not testify and has waived that ground for error.

### 4. *Other Acts Evidence*

Defendant claims that his conviction on the T.H. charge should be reversed because the court admitted other crimes evidence, the J.L. incident, without balancing the probative value of the evidence against its prejudicial effect, as required by *Whitty v. State,* 34 Wis. 2d 278, 294–95, 149 N.W. 2d 557, 564 (1967), *cert. denied,* 390 U.S. 959 (1968) ; and sec. 904.03, Stats.

The defendant failed at trial to request the court to balance the value of the evidence against its prejudicial effect. The *Whitty* court did not look "with favor upon claims of prejudicial error based upon the trial court's failure to act when no action was requested by counsel." *Id.* at 290, 149 N.W.2d at 562. We will not find an abuse of discretion where the defendant failed to ask the trial court to exercise its discretion. *See, McClelland v.*

*State,* 84 Wis. 2d 145, 157–58, 267 N.W.2d 843, 848 (1978).

### 5. *Jury Inspection of Sketch*

Defendant contends that the trial court erred by allowing the jury to inspect the sketch of a girl on which T.H. circled where defendant had touched her. The trial court has discretion whether to send evidence to the jury. *Hagenkord v. State,* 100 Wis. 452, 464, 302 N.W.2d 421, 428 (1981). The trial court found that the sketch would be helpful to the jury because the jurors probably could not see where T.H. pointed when she testified. The sketch is not inflammatory. The trial court properly exercised its discretion and we will not disturb its ruling on appeal.

### 6. *New Trial in the Interest of Justice*

To grant a new trial in the interest of justice, we must conclude "that there has been a probable miscarriage of justice, that the defendant should not have been found guilty, and that a new trial would lead to a different result." *Schultz v. State,* 87 Wis. 2d 167, 174, 274 N.W.2d 614, 617 (1979). We cannot reach that conclusion. We refuse to grant a new trial on the defendant's conviction involving T.H.

*By the Court.*—The order denying a new trial as to the conviction involving T.H. is affirmed. The order denying a new trial as to the conviction involving J.L. is reversed and remanded for a new trial.