STATE of Wisconsin, Plaintiff-Respondent,
v.
Ronald D. SORENSON, Defendant-Appellant.†

Court of Appeals

*No. 86–0124–CR. Submitted on briefs August 13, 1986.—Decided December 18, 1986.*
(Also reported in 400 N.W.2d 508.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

469

For the defendant-appellant the cause was submitted on the briefs of *Teresa M. Elguezabel* and *La Follette & Sinykin*, of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Daniel J. O'Brien*, assistant attorney general.

Before Gartzke, P.J., Dykman, and Eich, JJ.

GARTZKE, P.J.  Ronald Sorenson appeals from a judgment of conviction for first-degree sexual assault. Section 940.225(1)(d), Stats. The complainant is Sorenson's seven-year-old daughter. The dispositive issue is whether sufficient evidence was presented at the preliminary hearing to bind him over for trial. That issue turns on whether the trial court properly admitted hearsay evidence at the preliminary hearing. We conclude that the court erred and reverse.

Defendant's daughter refused to testify at the preliminary hearing. The trial court declared her an unavailable witness. The state then called a social worker who testified over objection that by demonstration through the use of anatomically correct dolls, the child said that defendant and her uncle had sexual intercourse with her. The child's statement that her father had intercourse with her came one hour into the social worker's interview with her and was in response to a question whether any family member other than her uncle had had sexual intercourse with her. The interview was held March 15, 1985, "within six weeks" after the alleged assaults had occurred. The only other evidence presented by the state at the preliminary hearing was a medical report that the child had had vaginal intercourse. The court bound the defendant over for trial on the basis of this evidence.

A preliminary examination is held to determine whether "there is probable cause to believe a felony has been committed by the defendant." Section 970.03(1), Stats. If probable cause has been shown, the court must bind the defendant over for trial, but if the court does not find such probable cause, it must discharge the defendant. Section 970.03(7) and (9).

A defendant is entitled to appellate review of the validity of his bindover for trial even after trial and conviction. *See, e.g., State v. Olson,* 75 Wis. 2d 575, 250 N.W.2d 12 (1977); *State ex rel. McCaffrey v. Shanks,* 124 Wis. 2d 216, 224, 369 N.W.2d 743, 748 (Ct. App. 1985).

Appellate review of the bindover is de novo. We "examine the factual record [of the preliminary] *ab initio* and decide as a matter of law whether the evidence constitutes probable cause." *State v. Williams,* 104 Wis. 2d 15, 22, 310 N.W.2d 601, 605 (1981).

The rules of evidence, including the hearsay rules, apply to preliminary hearings. *Mitchell v. State,* 84 Wis. 2d 325, 330, 267 N.W.2d 349, 352 (1978). No special exceptions exist for a preliminary hearing. For that reason the *Mitchell* court refused to adopt a rule permitting the admission of hearsay evidence at preliminary hearings. *Mitchell,* 84 Wis. 2d at 334, 267 N.W.2d at 354.

Although the admission of evidence is discretionary, that discretion is abused and the trial court errs if it fails to apply accepted legal standards. *State v. Alsteen,* 108 Wis. 2d 723, 727, 324 N.W.2d 426, 428 (1982). When

471

determining whether probable cause was shown to justify a bindover, we must therefore take into account only properly admitted evidence, excluding erroneously admitted hearsay evidence.

The trial court admitted the social worker's testimony on an expanded interpretation of the hearsay exception for former testimony. Section 908.045(1), Stats. Rather than rely on that ground, the state argues that two alternative hearsay exceptions support the ruling.

■

The first exception is statements against interest, sec. 908.045(4), Stats. We hold the exception is inapplicable. It applies to a statement which when made so far tended to make the declarant an object of hatred, ridicule or disgrace that a reasonable person in the declarant's position would not have made the statement unless the person believed it to be true. *Id.* The state contends that because the child would be subjected to her father's hatred and to ridicule by those who may not believe her, her statement to the social worker was against her interest. The record, however, is devoid of evidence that when she told the social worker her father had had intercourse with her, the child was aware that she would be subject to her father's hatred or to the ridicule of others.[1]

---

[1] On March 21, 1985, six days after the interview with the social worker, an unsuccessful attempt was made to videotape the child's testimony. The social worker testified at defendant's preliminary that the child, when asked why she would not testify at the video-taped hearing, said "she was not going to have Daddy go to jail, Mommy would be mad at her, she wouldn't get to go back home." The child's March 21 statement does not indicate that on March 15 she feared her father or what would happen to him.

The state also relies on the residual exception in sec. 908.045(6), Stats., under which hearsay testimony "having comparable circumstantial guarantees of trustworthiness" may be admitted. Using the factors for the "excited utterance" exception for children discussed in *Bertrang v. State*, 50 Wis. 2d 702, 708, 184 N.W.2d 867, 870 (1971), the state argues that the child's statement to the social worker is trustworthy and therefore qualifies for the residual exception.

"The residual exception thus focuses . . . on the character of the statements and the circumstances under which they are made . . . ." *Mitchell*, 84 Wis. 2d at 333, 267 N.W.2d at 353. The *Bertrang* court used the same rationale when it held that a trial court did not abuse its discretion by admitting a mother's testimony that the day after an alleged assault her nine-year-old child told her about the assault. The *Bertrang* court applied the "res gestae" exception, the key elements of which it described as "contemporaneity and spontaneity." 50 Wis. 2d at 706, 184 N.W.2d at 869.

The *Bertrang* court concluded that although the trial court had admitted the mother's testimony on grounds other than contemporaneity and spontaneity, the undisputed facts satisfied both elements. 50 Wis. 2d at 708, 184 N.W.2d at 870. Whether those elements are satisfied is therefore a question of law if, as here, the historical facts are undisputed. Those facts are the circumstances surrounding the interview as described by the social worker.

■

We conclude that the facts surrounding the interview satisfy neither the element of contemporaneity nor that of spontaneity. Since the interview was held "within" six weeks of the alleged offense, a full six weeks

473

may have elapsed between the time of the offense and the time the statement was given. A six-week interval destroys the possibility of contemporaneity. Spontaneity is absent. A child's statement given one hour into an interview in response to a social worker's questions, is an evoked statement and is not spontaneous.[2]

We conclude that the trial court abused its discretion when it admitted the testimony of the social worker to the effect that the child said defendant had assaulted her. Since no other evidence was submitted at the preliminary hearing to establish that fact, probable cause was not shown. Defendant should have been discharged and not bound over for trial.[3]

We conclude that because defendant was improperly bound over for trial, the judgment of conviction must be reversed.

*By the Court.*—Judgment of conviction reversed.

---

[2] We have discovered no other case applying *Bertrang v. State, supra,* which allowed a person to testify to statements by a young child regarding a sexual offense as long as six weeks after the alleged offense. *See Love v. State,* 64 Wis. 2d 432, 219 N.W.2d 294 (1974) (child's statement made to mother morning after assault the previous afternoon); *State ex rel. Harris v. Schmidt,* 69 Wis. 2d 668, 230 N.W.2d 890 (1975) (assault in afternoon reported following morning to mother); *Bridges v. State,* 247 Wis. 350, 19 N.W.2d 529 (1945) (assault in afternoon reported to mother that night); *State v. Gollon,* 115 Wis. 2d 592, 340 N.W.2d 912 (Ct. App. 1983) (statement by child to mother evening of the day assault occurred); *State v. Padilla,* 110 Wis. 2d 414, 329 N.W.2d 263 (Ct. App. 1982) (statement by child to mother three days after incident).

[3] Since defendant's bindover was improper, we need not consider his remaining arguments as to the sufficiency of the complaint and whether his *Miranda* rights were violated.

474

EICH, J. *(concurring).* Under Wisconsin law, no defendant may be tried on a felony charge unless the state, at a preliminary hearing, establishes to a reasonable probability that a crime has been committed by the defendant. *State v. Berby*, 81 Wis. 2d 677, 683, 260 N.W.2d 798, 801 (1978). In this case the state attempted to make that showing without any testimony from the victim, relying entirely on the hearsay statement of a social worker. As the opinion states, that statement, which formed the sole basis for the bindover, was wholly inadmissible. Indeed, under well-established rules of law, the question was not even close.

The prosecutor did put the victim on the stand at trial and, apparently, her testimony was sufficient to cause the jury to convict. Absent such testimony at the preliminary hearing, however, the state failed to do what the law requires it to do. It failed to establish, by competent evidence, the facts legally necessary to convene the trial in the first place.

The law sets forth specific requirements which must be met before any defendant may be held for trial on a felony charge, and where, as here, the state has failed to meet those requirements, we have no choice but to reverse. We cannot, in an after-the-fact analysis, ignore that foundational defect or otherwise rehabilitate the flawed preliminary hearing by taking into account the additional evidence later offered by the state at the defendant's trial.

The prosecutor's failure to offer the victim's testimony at the preliminary hearing, however understandable it may have been by reason of her age and level of intelligence, was fatal to the case. Without it, there was no evidence whatsoever upon which Sorenson could be bound over for trial, and all further proceedings—

including the trial and the resulting conviction—were null and void *ab initio*.