STATE of Wisconsin, Plaintiff-Respondent,

v.

Jack M. CHRISTIAN, Defendant-Appellant.†

Court of Appeals

*No. 87–0564–CR. Submitted on briefs October 6, 1987.—
Decided December 23, 1987.*

(Also reported in 419 N.W.2d 319.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiff-respondent the cause was submitted on the briefs of *W. Dan Bell, Jr.,* and *Bell Law Offices, S.C.,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Jerome S. Schmidt,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J. Jack Christian appeals from a judgment of conviction for first-degree sexual assault. The issues are: (1) whether the trial court properly determined that the victim was unavailable for testimony, and (2) whether the trial court erred in permitting the prosecution to introduce records from a juvenile file without a court order. We conclude that

the trial court erred in both instances, but that the error was harmless. We therefore affirm.

Defendant was charged with sexually assaulting his granddaughter, L.C. The victim's mother testified at trial that L.C. told her that defendant had placed his hands in L.C.'s pants. Defendant objected to this testimony because it was hearsay and because it violated his right to confront L.C. as a witness.

The right to confront witnesses is guaranteed by the confrontation clause of the sixth amendment to the United States Constitution and by art. I, sec. 7 of the Wisconsin Constitution. However, the right to confront witnesses is not absolute. *State v. Nelson,* 138 Wis. 2d 418, 436, 406 N.W.2d 385, 392 (1987). A two-step analysis is used to determine whether hearsay evidence violates the confrontation clauses. *Id.* at 437, 406 N.W.2d at 393. The first step is whether the prosecution has shown that the witness whose statements are sought is unavailable.[1] The second step is to determine whether the statement bears adequate indicia of reliability. *Id.* at 437–38, 406 N.W.2d at 393.

Defendant does not challenge the trial court's conclusion that L.C.'s statement to her mother was an excited utterance, admissible as a hearsay exception. However, he disputes the court's determination that L.C. was unavailable. The trial court based this determination on its conclusions drawn from expert opinions elicited in previous CHIPS (Child in need of Protective Services) proceeding it handled involving L.C. In determining that L.C. was unavailable, the court took judicial notice of the experts' reports in the

[1]Unavailability is not necessary in co-conspirator cases. *United States v. Inadi,* 475 U.S. 387, 399–400 (1986).

CHIPS case, rather than conducting a separate availability hearing. The court advised the prosecutor that expert testimony later in the trial could establish additional foundation for the unavailability finding. The court subsequently affirmed its finding on the basis of a psychologist's testimony at trial.

## UNAVAILABILITY

The trial court based its finding of unavailability on:

> reports of psychologists and psychiatrists that say it could be very damaging to this child emotionally to be put through the trauma of more questioning about a sexual assault. The reports say she has already been quizzed and questioned too much and the parties to my CHIPS case should no longer go into those areas with her.

Neither party introduced these reports into evidence. However, a court may judicially notice facts that are generally known or capable of accurate and ready determination. Section 902.01(2), Stats. The confidential records from the CHIPS proceeding were neither. Also, "a circuit court cannot take judicial notice of its own records in another case." *Perkins v. State,* 61 Wis. 2d 341, 346, 212 N.W.2d 141, 144 (1973).

The Wisconsin Supreme Court considered the proper procedure for determining unavailability in *Nelson.* "The appropriate procedure is for the trial court, either upon objection raised by the defense or upon motion of the prosecutor, to hold a separate availability hearing prior to the admission of the

746

disputed testimony." *Nelson,* 138 Wis. 2d at 441, 406 N.W.2d at 394. However, "[a]lthough an orderly criminal process will best be effectuated by an availability hearing at or prior to trial, the absence of such a hearing does not automatically entitle a defendant to a new trial." *Id.* at 440, 406 N.W.2d at 394. The court upheld a finding of unavailability made at a post-conviction hearing, with the treating psychologist as the sole witness. *Id.* at 440–41, 406 N.W.2d at 394.

After admitting hearsay evidence because of findings it had made in the CHIPS proceeding, the trial court found L.C. unavailable to testify on the basis of a psychologist's testimony at trial. The first of two psychologists to testify was Dr. Seitz, who had had six professional visits with L.C. The court asked Dr. Seitz whether requiring L.C. to testify would be harmful to her. Dr. Seitz replied that this would be traumatic and that it would not be useful to the jury.

While this is not the recommended procedure, it satisfies the *Nelson* standard of an adequate and meaningful determination. "The likelihood that any questioning of [the victim] would cause severe trauma, as well as the uncertain efficacy of such questioning" are considerations which may outweigh the defendant's right to confront and cross-examine the witness at trial. *Id.* at 443, 406 N.W.2d at 395.

We conclude that the trial court's first and erroneous determination of unavailability does not require reversal. Defendant does not challenge the second requirement of a confrontation analysis—that the statement be reliable. Reversal is only required when there is a reasonable possibility that an error contributed to the conviction. *State v. Dyess,* 124 Wis.

2d 525, 543, 370 N.W.2d 222, 231–32 (1985). A reasonable possibility is one sufficient to undermine our confidence in the outcome. *Id.* at 544–45, 370 N.W.2d at 232, citing *Strickland v. Washington,* 466 U.S. 668, 694 (1984). "The burden of proving no prejudice is on the beneficiary of the error," the state in this case. *Dyess,* 124 Wis. 2d at 543, 370 N.W.2d at 232. If a court may decide the question of unavailability at a post-conviction hearing as in *Nelson,* that determination at trial also satisfies a defendant's confrontation rights. The trial court's error in relying on the CHIPS proceeding was therefore harmless.

### INTRODUCTION OF CHIPS RECORDS

The second issue in this case concerns the state's use of records from the CHIPS proceeding. During its cross-examination of L.C.'s father, the state introduced transcripts of several interview sessions in which L.C.'s behavior was tape-recorded and video-taped by her father and paternal grandmother. The prosecutor stated that he introduced these "to show there was coercion and programming of an impressionable three-year-old," and to impeach L.C.'s father's testimony that he had not questioned L.C. about sexual contact. Defense counsel objected on the grounds that the transcripts were irrelevant, and that the prosecutor improperly removed them from the CHIPS file without a court order, contrary to sec. 48.396(2), Stats. The trial court overruled defendant's objection.

The prosecutor acted improperly by removing these materials from a confidential record. Juvenile records "shall not be open to inspection or their contents disclosed except by order of the court as-

signed to exercise jurisdiction ...." Sec. 48.396(2), Stats. The trial court therefore erred in permitting the introduction of these records without a court order. ■

However, we again conclude that this error is harmless. The trial judge in this case had also handled the CHIPS proceeding. While the court should have entered an order, its consent to the disclosure satisfied the purpose of sec. 48.396(2), Stats. Also, the prosecutor had already elicited testimony concerning the taped interviews of L.C. prior to his introduction of the transcripts. Their subsequent admission was therefore cumulative and resulted in no further loss of confidentiality.

*By the Court.*—Judgment affirmed.