State of Wisconsin, Plaintiff-Respondent,
v.
Eric L. Tolonen, Defendant-Appellant.
No. 04-0658-CR.
Court of Appeals of Wisconsin.
Opinion Filed: February 9, 2005.
Before Anderson, P.J., Brown and Nettesheim, JJ.
¶1 PER CURIAM.
Eric L. Tolonen appeals from a judgment of conviction for party to the crime of first-degree reckless homicide. He argues that his trial should have been severed from that of his codefendant because their defenses were antagonistic. We conclude that it was not error to deny the motion for severance. We affirm the judgment.
¶2 A melee ensued in the early morning of November 16, 2002, on the front lawn of an apartment building where Amanda Sprang lived. When Joshua Dambruch struck Sprang, her boyfriend, Junior Weiss, came to her defense. Dambruch and his friend, Jose Guerrero, started beating Junior. Jay Weiss came to Junior's aid, pulling Guerrero off Junior. Tolonen also went after Guerrero. Tolonen hit Guerrero with a broomstick. During the ensuing fight, Tolonen and Jay Weiss repeatedly struck and kicked Guerrero. Guerrero died as a result of the injuries sustained during the fight, specifically blunt force trauma to the head.
¶3 Tolonen and Jay Weiss were codefendants at trial. Each advanced a theory that he acted in defense of others. Weiss's additional theory of defense was that Tolonen was primarily responsible for the fatal injuries Guerrero sustained. Weiss suggested that he was not interested in beating up Guerrero but only in helping his brother. He explained that if Tolonen had not injected himself into the fracas by swinging a broomstick at Guerrero and thereby forcing Weiss to abandon his hold on Guerrero, Guerrero would have just been restrained from beating Junior and no additional fighting would have occurred. Weiss testified that Tolonen continued to kick Guerrero after Weiss turned his attention to assisting his brother. Weiss's closing argument included the suggestion that there was no communication between Weiss and Tolonen, that each acted on his own. He also pointed out that his intent in kicking Guerrero was different than Tolonen's intent.
¶4 It was Tolonen's additional theory of defense that he did not deliver the lethal blow. He pointed to evidence that striking Guerrero with the broomstick did not cause a significant injury. He argued that if he kicked at Guerrero's head, he only landed blows on Guerrero's hands and arms which were poised defensively around his head.
¶5 Whether to try codefendants jointly or to sever their trials is a matter committed to the discretion of the trial court. Cranmore v. State, 85 Wis. 2d 722, 755, 271 N.W.2d 402 (Ct. App. 1978). "When antagonistic defenses are asserted by codefendants, the demands of a fair trial require that the cases be tried separately because the defendant should not be forced to face the double burden of having to meet the attack both of the prosecutor and of his codefendant." Jung v. State, 32 Wis. 2d 541, 546, 145 N.W.2d 684 (1966).
¶6 At the outset the State argues that we should only review the ruling denying Tolonen's motion to sever the trial made before the trial and based only on the record established when the motion was heard and decided. Trial counsel did not renew the motion to sever based on antagonistic defenses at the conclusion of the trial. It is true that the trial court's exercise of discretion must be viewed in light of the facts presented to it at the time the motion to sever was made. See id. A waiver can occur when the motion to sever is not renewed based on the evidence or developments at trial. See State v. Gollon, 115 Wis. 2d 592, 604, 340 N.W.2d 912 (Ct. App. 1983). However, it would be a disservice to judicial economy to limit our review to the pretrial record when the full record is available to this court. See State v. Harrell, 182 Wis. 2d 408, 417, 513 N.W.2d 676 (Ct. App. 1994) (we may address an issue subject to waiver in the interest of judicial economy, such as to avoid a later claim of ineffective assistance of counsel).
¶7 Severance is not required simply because codefendants attempt to place blame on the other. See Haldane v. State, 85 Wis. 2d 182, 190-91, 270 N.W.2d 75 (1978). "Finger-pointing is an acceptable cost of the joint trial .... Unless the defenses are so inconsistent that the making of the defense by one party will lead to an unjustifiable inference of another's guilt, or unless the acceptance of a defense precludes acquittal of other defendants, it is not necessary to hold separate trials." United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir. 1987) (emphasis in original).
¶8 Here the codefendants were charged as a party to the crime with aiding and abetting being the link between their conduct. The State was not required to prove who caused the fatal blow to Guerrero. The State was required to prove that each participated in the beating, something each defendant admitted, and that each intended the natural and probable consequences of his actions. The secondary theory of defense that the other inflicted the fatal blow did not compel the conviction of one defendant to allow the acquittal of the other. The defenses were not antagonistic. The trial court properly exercised its discretion in denying the motion to sever Tolonen's trial.
By the Court.  Judgment affirmed.